# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION


CHAUNCEY THOMASSWIFT,

     Plaintiff,                           Civil No. 2:16-cv-12996

v.                                    Hon. Denise Page Hood

RANDALL P. UPSHAW and LAW OFFICE
OF RANDALL P. UPSHAW,

     Defendants.

_____/


## ORDER GRANTING MOTION TO PROCEED,
## GRANTING APPLICATION TO PROCEED
## WITHOUT PREPAYING FEES OR COSTS,
## OF SUMMARY DISMISSAL,
## FINDING ANY APPEAL FRIVOLOUS,
## and
## DENYING LEAVE TO APPEAL IN FORMA PAUPERIS


## I.    BACKGROUND

Plaintiff Chauncey Thommasswift, a state inmate incarcerated at the Parnall

Correctional Facility in Jackson, Michigan, has filed a pro se civil complaint.  Plaintiff

previously withdrew the complaint.  (Doc. Nos. 6, 7) Plaintiff now seeks to proceed

with this matter and has now submitted an application to proceed without prepaying

fees or costs.  After review of the application, the Court grants Plaintiff's application

to proceed in forma pauperis without prepaying fees or costs under 28 U.S.C. §

1915(a)(1).  However, for the reasons set forth below, the court summarily dismisses the complaint.

The complaint names Randall P. Upshaw and the Law Office of Randall P. Upshaw (Plaintiff's criminal trial counsel), as defendants. The complaint alleges legal malpractice against Defendants, along with federal law and constitutional violations under 18 U.S.C. § 1964 and the Fourth, Sixth and Fourteenth Amendments of the United States Constitution.  (Doc. No. 1, PgID 1)  Plaintiff seeks monetary damages.

## II.    STANDARD

A civil complaint filed by a *pro se* prisoner is subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)(*rev'd on other grounds*). A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts

in support if his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995). Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972).

## II.    DISCUSSION

### A.    Legal Malpractice

As to Plaintiff's legal malpractice claim, the Court lacks subject matter jurisdiciton over this claim. Liberally construing Plaintiff's Complaint, he alleges that Defendants committed a state law claim of legal malpractice in the handling of his case.

The presence or absence of jurisdiction to hear a case is the "first and fundamental question presented by every case brought to the federal courts." *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000). Federal courts have a duty to consider their subject matter jurisdiction in every case and may raise the issue *sua sponte* or on its own. *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009). "Federal Courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). The burden of

establishing jurisdiction rests upon the party asserting jurisdiction. *Id.* The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327 337 (1895). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed.R.Civ.P. Rule 8(a)(1).

The Court finds that Plaintiff failed to establish that the Court has subject matter jurisdiction over the legal malpractice claim under 28 U.S.C. § 1332. Section 1332 provides the Court with subject matter jurisdiction over claims alleging a state law question based on state statutes and laws if there is complete diversity of citizenship between the parties–that the parties are citizens of different states. In this case, all of the parties are citizens of the State of Michigan. There is no diversity of citizenship between the parties. A legal malpractice claim against a plaintiff's attorney is a negligence claim under state law. *See Coleman v. Gurwin,* 443 Mich. 59, 63 (1993). Plaintiff failed to meet his burden that this Court has subject matter over the legal malpractice claim against Defendants. The legal malpractice claim must be dismissed for lack of subject matter jurisdiction.

### B.  Constitutional Claims

Plaintiff also alleges that the actions of Defendants violated federal

constitutional rights under the Fourth and Fourteenth Amendments to be free from unreasonable search and seizure of his person, and, under the Sixth Amendment to have the assistance of counsel for his defense and compulsory process for obtaining witnesses in his favor. As a result of these constitutional violations his freedom of liberty was violated. (Doc. No. 1, PgID 2)

To the extent Plaintiff is asserting constitutional claims under 42 U.S.C. § 1983 against Defendants, there is no viable federal claim because Plaintiff's counsel was not acting under the color of state since counsel was acting as a private defense counsel for Plaintiff and was not a state actor on behalf of the State of Michigan. *See Polk City v. Dodson,* 454 U.S. 312, 321-25 (1981).

Even with a liberal reading of Plaintiff's constitutional violation claims, the Court finds this civil action seeks to invalidate Plaintiff's state conviction. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held such claims to be improper:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless plaintiff can demonstrate that the conviction or sentence has already been invalidated.

A petition for a writ of habeas corpus provides the appropriate vehicle for challenging the fact or duration of a prisoner's confinement in federal court. *Preiser*

*v. Rodriguez*, 411 U.S. 475, 486-87 (1973). The Court cannot convert this matter into a petition for a writ of habeas corpus. *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See, Parker v. Phillips,* 27 F. App'x 491, 494 (6th Cir. 2001); *Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

## III.    CONCLUSION AND ORDER

For the foregoing reasons,

IT IS ORDERED that Motion to Proceed **(Doc. No. 8)** is GRANTED on a limited basis for the Court to review the Application to Proceed Without Prepaying Fees and Costs and to initially review the Complaint.

IT IS FURTHER ORDERED that the Application to Proceed Without Prepaying Fees or Costs **(Doc. No. 9)** is GRANTED.

IT IS FURTHER ORDERED that the Complaint is **DISMISSED** with prejudice as to the legal malpractice and constitutional claims pursuant to Fed.R.Civ.P. 12(b)(1), but without prejudice as to any appropriate habeas proceeding under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United*

*States*, 369 U.S. 438, 443-45 (1962); *McGore*, 114 F.3d at 610-11.  Leave to file an

appeal *in forma pauperis* is therefore also **DENIED**.


           S/Denise Page Hood               
           Denise Page Hood
           Chief Judge, United States District Court

Dated:  August 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of
record on August 31, 2017, by electronic and/or ordinary mail.

           S/LaShawn R. Saulsberry           
           Case Manager